IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH FIRST FEDERAL CREDIT UNION dba UTAH FIRST CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY FIRST FEDERAL CREDIT UNION dba UFIRST CREDIT UNION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:22-cv-00146-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant UFirst Credit Union moves the court to maintain the Attorneys Eyes Only (AEO) designation with respect to two documents produced in this matter.[1] The court will deny the motion.[2]

The parties in this case are both federally chartered credit unions operating in Utah. Plaintiff Utah First Credit Union brought this matter against UFirst Credit Union alleging, *inter alia*, trademark infringement, unfair competition, deceptive advertising, unjust enrichment, unfair trade practices, interference with economic relations, and violations of Utah statutes.[3] The Standard Protective Order (SPO) applies in this case to the disclosure of any information designated as confidential.[4] The SPO provides that the following may be classified as AEO information:

---

[1] ECF No. 90. The documents are marked as UFIRST010094 and UFIRST010057.

[2] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 5.

[3] *See* Complaint, ECF No. 2.

[4] DUCivR 26-2. The Standard Protective Order is available on the court's website at https://www.utd.uscourts.gov/usdc-forms.

>(1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[5]

UFirst marked the documents at issue here as AEO at the time of their production. UFirst argues they "comprise internal communications solely between UFirst's employees consisting of observations of the marketplace and reactions thereto, including marketing strategy considerations."[6] Accordingly, the documents provide "non-public insight into UFirst's marketing analyses, product planning, and the like."[7] Thus, the production of these documents, according to UFirst, would cause it harm in light of Plaintiff's causes of action and would potentially provide a competitive advantage to Plaintiff. In opposition, Utah First argues UFirst makes broad generalizations without identifying any specific information in the documents that falls within an AEO designation.

The court has carefully reviewed the two documents that consist of emails between UFirst employees. After doing so, the court finds that nearly the entirety of information in the documents does not fit within the definition of AEO information in the SPO. Both documents are emails between UFirst employees. One email notes that an employee received a mailer from Utah First that discusses a "special new or refinance auto loan rate" that Plaintiff offers. It does not discuss the rates UFirst offers or sensitive business information. It does suggest using mailers

---

[5] SPO ¶2(b).

[6] Mtn.. p. 3.

[7] *Id.*

to help get UFirst's new branding out, but a broad suggestion such as this, is not enough to qualify as AEO information. Tellingly, the email also reveals that some customers had come into a UFirst location thinking it was a Utah First location presumably in response to the mailer. While damaging to UFirst's defense, that is not the type of information that falls within the restricted categories of AEO information.

The second email references a customer who came into a UFirst location seeking terms on a certificate of deposit offered by Utah First. Once again, this is not UFirst's sensitive business information as it discusses Plaintiff's offered terms. The designation of AEO information in the SPO is narrowly defined to prevent misusing the designation to hide highly probative information to claims or defenses. The court will permit UFirst to redact only the name of the potential customer at the first of this email, but the entire email is not to be classified as AEO.

The court is concerned that the AEO designation here is being misused to hide damaging facts and that is not a proper use of the designation. Accordingly, the court DENIES UFirst's Motion to Maintain the AEO designation for the documents at issue.

IT IS SO ORDERED.

DATED this 15 November 2023.

_____
Dustin B. Pead
United States Magistrate Judge