IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH FIRST FEDERAL CREDIT UNION dba UTAH FIRST CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY FIRST FEDERAL CREDIT UNION dba UFIRST CREDIT UNION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER FOR IN CAMERA REVIEW<br><br>Case No. 2:22-cv-00146-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Utah First Credit Union moves the court to compel Defendant UFirst Credit Union to "produce the factual information regarding when, by whom, and by what process any trademark searches were conducted on or on behalf of UFirst along with the factual results of any such trademark search."[1] UFirst notes in response, that it has already provided the details regarding who conducted the searches, Adam Stevens, Esq., and that they were done in March 2021. Thus, part of Plaintiff's motion the court deems moot. What remains, however, is the request for the process and factual results of any trademark searches. Whether those should be produced, and whether such information is privileged are the issues before the court.[2]

The parties here are both federally chartered credit unions operating in Utah. Plaintiff brings a variety of claims pertaining to Defendant's name UFirst Credit Union including trademark infringement. The court looks to Federal Rule 26, which governs discovery disputes. Federal Rule of Civil Procedure 26(b)(1) provides:

---

[1] Mtn. p. 1-2, ECF No. 99.

[2] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 5.

the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[3]

Plaintiff sent the following discovery requests seeking to obtain information regarding trademark searches:

> **Interrogatory No. 16**. Identify each trademark search, including but not limited to, availability search, freedom to operate search, survey, poll, investigation, analysis, legal opinion, or other inquiry or analysis conducted concerning the availability to use or register any of the UFIRST marks, or possible confusion relating to the UFIRST marks or UTAH FIRST marks, or the meaning of the UFIRST marks or any element of the same, and identify the persons involved in the performance or review of any such trademark search, survey, poll, investigation, or other inquiry or analysis.[4]

> **Request No. 29**. Produce all non-privileged documents and electronically stored information concerning any trademark search, availability search, freedom to operate search, confusion search, investigation, analysis, opinion, legal opinion, or other inquiry or analysis conducted concerning the availability to use or register any of the UFIRST marks.[5]

As part of its production, UFirst provided Utah First with a privilege log.[6] There are various entries for Adam Stevens, who UFirst represents did the trademark searches at issue here. On March 10, 2021, there are two entries as follows:

---

[3] F.R.C.P. 26(b)(1).

[4] ECF 99-2 p. 13.

[5] ECF No. 99-2 p. 21.

[6] This is attached to Plaintiff's motion as Exhibit A. ECF No. 99-1 (Sealed).

| Date | Sender/Drafter | Recipient(s) | Subject/Title | Description | Privilege |
|---|---|---|---|---|---|
| 3/10/2021 | Adam Stevens | Rushford Lee | RE: Trademark Research | Email – Attorney-client communications; due diligence/advice regarding rebranding | Attorney-Client Communications |
| 3/10/2021 | Adam Stevens | Rushford Lee | Re: My contact info | Email – Attorney-client communications; due diligence/advice regarding rebranding | Attorney-Client Communications |

In April there are other very similar entries for Adam Stevens that provide as the subject "Names for a new company we're doing branding for" with the same description and claimed privilege.

Plaintiff argues that even if a privilege applies, UFirst must still provide sufficient detail regarding any searches it conducted, which includes the process, timing, and names of those who performed the search. Moreover, the factual results are not protected under either the attorney-client privilege or the work-product doctrine.[7] A party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[8] And trademark searches "routinely have been recognized as non-privileged information."[9]

In contrast, UFirst argues the process and results are privileged, asserting that "where information underlying a trademark search is exchanged between attorney and client in

---

[7] *Upjohn Co. v. U.S.*, 449 U.S. 383, 395–96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (providing that the attorney-client privilege extends "only to communications and not to facts.").

[8] *Id.*

[9] *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-CV-1056 (OAW), 2022 WL 3716574, at *9 (D. Conn. Aug. 29, 2022) (citing cases).

confidence, seeking legal advice, 'the trademark searches at issue are protected by the privilege.'"[10] In addition, where the facts are "inextricably tied to attorney advice" a court will mark a document as privileged and will prevent disclosure.[11]

To appropriately consider the claimed privilege in this matter, and to determine whether the facts are inextricably tied to attorney advice, the court will conduct an *in camera* review of the documents at issue. UFirst is to provide any materials at issue that are claimed to be privileged to the undersigned within ten (10) business days from the date of this order.

IT IS SO ORDERED.

DATED this 15 November 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] Op. p. 2 (quoting *Flagstar Bank, FSB v. Freestar Bank, N.A.*, No. 09-C-1941, 2009 WL 2706965, at *4 (N.D.Ill. Aug. 25, 2009)).

[11] *BBAM Aircraft Mgmt.*, 2022 WL 3716574, at *10.