IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH FIRST FEDERAL CREDIT UNION dba UTAH FIRST CREDIT UNION, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY FIRST FEDERAL CREDIT UNION dba UFIRST CREDIT UNION, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:22-cv-00146-RJS-DBP <br><br> District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Utah First Credit Union moves the court in two motions for certain information. First, Plaintiff seeks an order requiring Defendant University First Federal Credit Union (UFirst) to "produce all allegedly privileged documents and communications involving non-parties Rushford Lee and REDKOR Brands as identified in UFirst's and REDKOR's privilege logs."[1] Second, Plaintiff moves the court to compel UFirst to "produce the factual information regarding when, by whom, and by what process any trademark searches were conducted on or on behalf of UFirst along with the factual results of any such trademark search."[2] In response to the second request, UFirst notes it has already provided the details regarding who conducted the searches, Adam Stevens, Esq., and that they were done in March 2021. Thus, that part of that motion is now moot.

The court ordered additional briefing by the parties and an *in camera* review. The court has conducted its review and enters the following order that grants in part Plaintiff's motions.

_____

[1] Mtn. p. 1-2, ECF No. 98.

[2] Mtn. p. 1-2, ECF No. 99.

The motions seek related information. Therefore, the court enters this order and directs the parties that once this order is complied with, they meet to further discuss any communications that are at issue. Following a meaningful meet and confer, the parties may seek further guidance from the court if necessary.

## DISCUSSION

The parties here are both federally chartered credit unions operating in Utah. Plaintiff brings a variety of claims pertaining to Defendant's name UFirst Credit Union including trademark infringement. As a backdrop, the court looks to Federal Rule 26, which governs discovery disputes. Federal Rule of Civil Procedure 26(b)(1) provides:

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[3]

Plaintiff sent the following discovery requests seeking to obtain information regarding trademark searches:

> **Interrogatory No. 16**. Identify each trademark search, including but not limited to, availability search, freedom to operate search, survey, poll, investigation, analysis, legal opinion, or other inquiry or analysis conducted concerning the availability to use or register any of the UFIRST marks, or possible confusion relating to the UFIRST marks or UTAH FIRST marks, or the meaning of the UFIRST marks or any element of the same, and identify the persons involved in the performance or review of any such trademark search, survey, poll, investigation, or other inquiry or analysis.[4]

> **Request No. 29**. Produce all non-privileged documents and electronically stored information concerning any trademark search, availability search, freedom to operate search, confusion search, investigation, analysis, opinion, legal opinion,

---

[3] F.R.C.P. 26(b)(1).

[4] ECF 99-2 p. 13.

or other inquiry or analysis conducted concerning the availability to use or register any of the UFIRST marks.[5]

As part of its production, UFirst provided Utah First with a privilege log.[6] There are various entries for Adam Stevens, who UFirst represents did the trademark searches at issue here. On March 10, 2021, there are two entries as follows:

| Date | Sender/Drafter | Recipient(s) | Subject/Title | Description | Privilege |
|------|----------------|--------------|---------------|-------------|-----------|
| 3/10/2021 | Adam Stevens | Rushford Lee | RE: Trademark Research | Email – Attorney-client communications; due diligence/advice regarding rebranding | Attorney-Client Communications |
| 3/10/2021 | Adam Stevens | Rushford Lee | Re: My contact info | Email – Attorney-client communications; due diligence/advice regarding rebranding | Attorney-Client Communications |

In April there are other very similar entries for Adam Stevens that provide as the subject "Names for a new company we're doing branding for" with the same description and claimed privilege.

Plaintiff argues that even if a privilege applies, UFirst must still provide sufficient detail regarding any searches it conducted, which includes the process, timing, and names of those who performed the search. Moreover, the factual results are not protected under either the attorney-client privilege or the work-product doctrine.[7] A party "may not refuse to disclose any relevant

---

[5] ECF No. 99-2 p. 21.

[6] This is attached to Plaintiff's motion as Exhibit A. ECF No. 99-1 (Sealed).

[7] *Upjohn Co. v. U.S.*, 449 U.S. 383, 395–96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (providing that the attorney-client privilege extends "only to communications and not to facts.").

fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[8] And trademark searches "routinely have been recognized as non-privileged information."[9]

In contrast, UFirst argues the process and results are privileged, asserting that "where information underlying a trademark search is exchanged between attorney and client in confidence, seeking legal advice, 'the trademark searches at issue are protected by the privilege.'"[10] In addition, where the facts are "inextricably tied to attorney advice" a court will mark a document as privileged and will prevent disclosure.[11]

At the outset, the court holds that in accordance with *Upjohn Co v. U.S.*,[12] the attorney-client privilege extends "only to communications and not to facts."[13] Thus, factual information with respect to the trademark searches is not privileged. In addition, a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[14]

Under the standards found in *Upjohn* the court orders the following:

- Addendum A, the 2/25/2021 email from Rushford Lee to Derek Knowlton is to be disclosed. The redacted portion is not "inextricably tied to attorney advice" and is factual in nature noting that Kirton and McConkie offered to conduct a trademark search.

---

[8] *Id.*

[9] *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-CV-1056 (OAW), 2022 WL 3716574, at *9 (D. Conn. Aug. 29, 2022) (citing cases).

[10] Op. p. 2 (quoting *Flagstar Bank, FSB v. Freestar Bank, N.A.*, No. 09-C-1941, 2009 WL 2706965, at *4 (N.D.Ill. Aug. 25, 2009)).

[11] *BBAM Aircraft Mgmt.*, 2022 WL 3716574, at *10.

[12] 449 U.S. 383 (1981).

[13] *Id.* at 395-96.

[14] *Id.*

- The email in Addendum B from Mr. Stevens to Rushford Lee contains a significant amount of attorney advice and opinion. However, it does contain facts that are also not privileged. The court sets forth what may be disclosed as follows:

  - The email header is to be disclosed;

  - The initial part of the email is to be disclosed "Rushford, I have done some trademark research" the remainder of the sentence is privileged.

  - The next part starting with "One U Credit Union" until "U First Credit Union Federal trademark search" is to be disclosed as these are facts and do not contain legal advice. The bullets following "U First Credit Union Federal trademark search concern attorney advice and are privileged. In similar fashion, the names used in searches such as "Focus Credit Union" or "You First Credit Union" are facts and are to be disclosed. The bullets following these terms are privileged attorney advice. This pattern continues through the remainder of the email. The particular search term is to be disclosed, but the bulleted information following it are privileged and contain legal advice.

  - Finally, the email from Rushford Lee to Adam Stevens dated March 10, 2021, 1:35 PM at the end of Addendum B is not privileged. This email sets forth the names being considered, is factual in nature, and does not contain legal advice. As noted above, a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."

- Addendum C is an email from Rushford to Derek Knowlton dated Friday, March 12, 2201. Much of this email is privileged attorney-client communications as it contains

attorney advice. The email is broken up into four main search term headings. The search term headings such as "One U Credit Union Federal trademark search", "U First Credit Union Federal trademark search", "Focus Credit Union Federal trademark search", and "YouFirst Credit Union Federal trademark search" are not privileged. The details below those headings, the court finds, contain legal advice and opinion, and are thus privileged.

- Addendum D is an email from Adam Stevens to Rushford Lee dated April 12, 2021. The court finds this email and its chain contain legal advice, or concern searches for other products or companies that are irrelevant to the instant proceedings. Thus, this document in its entirety need not be produced as parts of it are privileged with the majority of it being irrelevant.

- Finally, Addendum E is an email from Rushford to Adam Stevens and Derek Knowlton sent Friday, June 25, 2021, as a follow up. This document is not privileged and is to be produced. There is no legal advice offered or protected communications regarding the rebranding effort.

## ORDER

Based upon the foregoing, Plaintiff's motions are GRANTED IN PART AND DENIED IN PART as set forth above.

IT IS SO ORDERED.


DATED this 22 January 2024.


_____
Dustin B. Pead
United States Magistrate Judge